(Not for Publication)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
## CAMDEN VICINAGE

_____
                                                    :
ARTHUR D'AMARIO,                                     :
                                                    :
                        Plaintiff,                   :        Civil No. 06-1697 (RBK)
                                                    :
            v.                                        :        **OPINION**
                                                    :
UNITED STATES OF AMERICA,                            :
                                                    :
                        Defendant.                   :
_____              :

**KUGLER**, United States District Judge:

Presently before the Court is a motion by the United States of America (the "Government") to dismiss a petition to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255 filed pro se by plaintiff Arthur D'Amario ("D'Amario").  For the reasons set forth below, the Government's motion will be granted, and D'Amario's petition will be dismissed.

## I.  BACKGROUND

While serving time for violating the conditions of his supervised release for a prior conviction, D'Amario filed a post-sentence motion that made threats against the sentencing judge.  A criminal complaint was filed in this district on February 9, 2006, charging D'Amario

1

with violating 18 U.S.C. § 115.[1]  D'Amario completed his imprisonment for the violation of supervised release on February 10, 2006.  He was transferred by the Bureau of Prisons to the custody of the United States Marshals, and on February 14, 2006 was indicted by a grand jury for the allegations contained in the February 9, 2006 complaint.  On February 14, 2006, at a removal hearing held pursuant to Federal Rule of Civil Procedure 5, a magistrate judge in the Western District of Missouri ordered D'Amario detained pending trial.  On March 16, 2006, Magistrate Judge Strawbridge, sitting in this district by designation, arraigned D'Amario.  D'Amario stipulated to pretrial detention, and Judge Strawbridge ordered D'Amario detained prior to trial. Also on March 16, 2006, D'Amario filed the § 2255 petition presently before this court.  The Government filed an answer and this motion to dismiss on June 1, 2006.

## II.  DISCUSSION

In his petition, D'Amario alleges that he has been incarcerated for a longer amount of time than that allowed under 18 U.S.C. § 3583(e)(3).  D'Amario claims that, as of March 2006, he had served 62 months in custody despite the statutory maximum being only 60 months.  The statute cited by D'Amario refers to the amount of time to which a person may be sentenced for violating the conditions of his supervised release.  D'Amario also asserts that he has served more than the 60 month maximum allowed for his underlying conviction.

However, this Court recognizes that D'Amario is not presently incarcerated for either the underlying conviction or a violation of supervised release.  Rather, D'Amario is presently

---

[1]D'Amario's supervised release followed a sentence for a separate violation of § 115, as D'Amario was convicted on December 4, 2001 of having threatened a different federal judge.

detained prior to a trial being held for the crimes charged in the February 14, 2006 indictment.

Even if this Court were to construe D'Amario's challenge as to his present confinement as a

motion under 28 U.S.C. § 2241, rather than §2255,[2] this Court must nonetheless conclude that

the amount of time for which D'Amario was sentenced for his prior conviction and violating the

conditions of his supervised release pursuant to that prior conviction are irrelevant to the legality

of his present confinement.  Accordingly, this Court will grant the Government's motion to

dismiss D'Amario's petition.


Dated: December 11, 2006                          s/ Robert B. Kugler
                                                  ROBERT B. KUGLER
                                                  United States District Judge


---

[2]Section 2241 is the general habeas statute under which federal prisoners may seek relief for claims of unlawful custody, while section 2255 allows collateral review of the sentences of federal prisoners.

3